IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEGENDS, INC., <br><br> Plaintiff, <br> v. <br><br> (1) THE UPPER DECK CO., LLC; <br> (2) PAID, INC; <br> (3) COLLECTORS UNIVERSE, INC.; <br> (4) JAMES SPENCE AUTHENTICATION LLC, <br><br> Defendants. | Civil Action No. 4:09-cv-3463 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Legends, Inc. makes the following allegations against The Upper Deck Co., LLC; Paid, Inc; Collectors Universe, Inc.; and James Spence Authentication LLC (collectively the "Defendants").

## PARTIES

1.  Plaintiff Legends, Inc. is a Delaware corporation with its principal place of business at 41 St. Andrews Lane, Hopewell Junction, New York 12533.

2.  On information and belief, Defendant The Upper Deck Company LLC is a Delaware limited liability company with its principal place of business at 5909 Sea Otter Place, Carlsbad, California 92010.

3.  On information and belief, Defendant Paid, Inc. is a Delaware corporation with its principal place of business at 4 Brussels Street, Worcester, Massachusetts 01610.

4. On information and belief, Defendant Collectors Universe, Inc. is a Delaware corporation with its principal place of business at 1921 E. Alton Avenue, Santa Ana, California 92705.

5. On information and belief, Defendant James Spence Authentication LLC is a New Jersey limited liability company with its principal place of business at 2 Sylvan Way, Suite 102, Parsippany, NJ 07054.

## JURISDICTION

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this District, and has committed and/or induced acts of patent infringement in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. RE 38,044

9. Legends is the owner by assignment of United States Patent No. RE 38,044 (the "'044 Patent") entitled "Method for Deterring Forgeries and Authenticating Signatures." The '044 Patent issued on March 25, 2003 as a re-issue of United States Patent No. 6,030,001 (the "'001 Patent"), which was filed on September 30, 1996. A true and correct copy of the '044 Patent is attached as Exhibit A.

10. The named inventor on the '044 Patent is Robert J. Kruckemeyer.

### Upper Deck: Infringement

11. Upon information and belief, Defendant The Upper Deck Company has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '044 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for detecting forgeries of signatures and authenticating signatures covered by one or more claims of the '034 Patent to the injury of Legends. Defendant Upper Deck is thus liable for infringement of the '044 Patent pursuant to 35 U.S.C. § 271.

### Upper Deck: Willful Infringement

12. Upper Deck's infringement has been willful.

13. Beginning in early 2000, Legends began approaching numerous companies regarding a patented authentication system and a single, unified registry system. Major League Baseball ("MLB"), the National Basketball Association, National Hockey League, the National Association of Stock Car Auto Racing or NASCAR, the National Football League, and Upper Deck were among the companies that Legends approached.

14. On May 8, 2000, Jim Lidestri and Bob Kruckemeyer met with MLB's Howard Smith, Colin Hagen and Joe Grippo to discuss the possibility of incorporating Legends's patented authentication process into MLB's planned authentication service. During this discussion, Legends provided to MLB a copy of the '001 Patent, the predecessor to the '044 Patent.

15. Over the next few months, representatives of Legends continued to meet with representatives of MLB in an attempt to have MLB utilize Legends's patented authentication process.

16. On information and belief, Upper Deck was also negotiating with MLB to be a part of the MLB Authentication program.

17. On information and belief, on November 9, 2000, Mr. Grippo met with Bill Dully of Upper Deck to discuss Upper Deck's inclusion as part of the MLB Authentication program. During this meeting, Mr. Grippo offered Legends's services to Upper Deck, making Upper deck aware of Legends's service as well as Legends's patented technology.

18. By late November 2000, Legends was negotiating a term sheet with MLB to be the exclusive non-motion capture authentication provider to MLB's authentication program.

19. On February 23, 2001, Jim Lidestri of Legends telephoned Bob Andrews of Upper Deck Authenticated and discussed the possibility of a partnership between the two companies for autographed memorabilia authentication. The next day, Mr. Lidestri sent a letter to Mr. Andrews discussing the previous day's call, noting that Legends's system is covered by the '001 Patent, and providing Legends's business plan, brochure as well as a PowerPoint presentation discussing Legends's authentication program.

20. During the 2001 Kit Young Hawaii Trade Conference held between February 26, 2001 and March 1, 2001, both Robert Kruckemeyer and Jim Lidestri of Legends, met with Richard McWilliam, the Chief Executive Officer of Upper Deck. At this meeting Mr. Kruckemeyer and Mr. Lidestri reviewed the overall business plan for Legends, reviewed their ongoing negotiations with MLB and reviewed the overall technology concept that Legends planned to implement. Additionally, during these discussions either Mr. Kruckemeyer or Mr. Lidestri provided to Mr. McWilliam a copy of the '001 Patent, the patent from which the '044 Patent was re-issued.

21. Additionally, Upper Deck has been aware of the parent patent to the '044 Patent since at least January 4, 2005, the date on which United States Patent 6,839,453 was issued. Upper Deck's patent number 6,839,453 cites to Mr. Kruckemeyer's United States Patent No. 5,737,886, the parent patent to the '044 Patent.

22. Finally, Upper Deck has known of the '044 Patent since at least November 14, 2007. On October 16, 2007, Mr. Ed Cavazos sent a letter to Mr. Richard McWilliam of Upper Deck identifying the '001 Patent and noting that Upper Deck may require a license to this patent. After waiting almost a month with no response, Mr. Cavazos sent another letter to Mr. McWilliam identifying the '044 Patent. On November 26, 2007, Mr. Kyle Campbell, Upper Deck's corporate counsel, responded to Mr. Cavazos's October 16, 2007, letter. Although Mr. Campbell stated that Upper Deck did not infringe the '001 Patent, it did not provide any reasons why this statement was true. No response to the November 14, 2007 letter, identifying the '044 Patent, was received from Upper Deck.

**Paid: Infringement**

23. Upon information and belief, Defendant Paid, Inc. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '044 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for detecting forgeries of signatures and authenticating signatures covered by one or more claims of the '044 Patent to the injury of Legends. Defendant Paid is thus liable for infringement of the '044 Patent pursuant to 35 U.S.C. § 271.

**Paid: Willful Infringement**

24. Paid's infringement has been willful. Paid has known of the '044 Patent since at least November 14, 2007. On October 19, 2007, Mr. Ed Cavazos sent a letter to

6

Mr. Greg Rotman of Paid identifying the '001 Patent and noting that Paid may require a license to this patent. After waiting almost a month with no response, Mr. Cavazos sent another letter to Mr. Rotman identifying the '044 Patent. On November 26, 2007, Richard Rotman called Mr. Cavazos and stated that he did not believe that the patent has anything to do with Paid's activities. Mr. Rotman did not provide any other explanation for his statements. No other response was received from Paid.

### Collectors Universe: Infringement

25.     Upon information and belief, Defendant Collectors Universe, Inc. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '044 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for detecting forgeries of signatures and authenticating signatures covered by one or more claims of the '044 Patent to the injury of Legends. Defendant Collectors Universe is thus liable for infringement of the '044 Patent pursuant to 35 U.S.C. § 271.

### Collectors Universe: Willful Infringement

26.     Collectors Universe's infringement has been willful. Collectors Universe has known of the '044 Patent since at least November 14, 2007. On October 19, 2007, Mr. Ed Cavazos sent a letter to Mr. Michael Haynes of Collectors Universe identifying the '001 Patent and noting that Collectors Universe may require a license to this patent. On November 5, 2007, Mr. Thomas Rozsa, an attorney for Collectors Universe, responded that he had received the correspondence, would respond at a later date and that

all further correspondence should be addressed to him.  On November 14, 2007, Mr. Cavazos sent a letter to Mr. Rozsa identifying the '044 Patent and indicating that Collectors Universe may require a license to the '044 patent.

### James Spence Authentication: Infringement

27.    Upon information and belief, Defendant James Spence Authentication, Inc. has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '044 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, selling and/or offering for sale systems and/or methods for detecting forgeries of signatures and authenticating signatures covered by one or more claims of the '044 Patent to the injury of Legends. Defendant James Spence Authentication is thus liable for infringement of the '044 Patent pursuant to 35 U.S.C. § 271.

### Relief

28.    As a result of these Defendants' infringement of the '044 Patent, Legends has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

29.    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active

concert therewith from infringing the '044 Patent, Legends will be greatly and irreparably harmed.

## JURY TRIAL DEMAND

Legends demands a jury trial for all issues so triable, pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38.1.

## PRAYER FOR RELIEF

WHEREFORE, Legends respectfully requests that this Court enter:

1. A judgment in favor of Legends that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '044 Patent, and that such infringement was willful;

2. A judgment and order requiring Defendants to pay Legends its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '044 Patent as provided under 35 U.S.C. § 284;

3. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '044 Patent;

4. A judgment and order requiring Defendants to pay Legends its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '044 Patent;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Legends its reasonable attorneys' fees; and

6. Any and all other relief to which Legends may show itself to be entitled.

Dated: October 26, 2009

Respectfully submitted,

BUSTAMANTE, P.C.

By: \s\ John M. Bustamante
    John M. Bustamante
    Texas Bar No. 24040618
    BUSTAMANTE, P.C.
    54 Rainey Street, No. 721
    Austin, Texas 78701
    Tel. 512.940.3753
    Fax. 512.551.3773
    jmb@BustamanteLegal.com

    ATTORNEY FOR PLAINTIFF
    LEGENDS, INC.